UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| TRADESMEN INTERNATIONAL, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-2098 |
| PROFESSIONAL LABOR SUPPORT, LLC, et al., | ) |
| Defendants. | ) |

# O R D E R

In September 2010, Plaintiff Tradesmen International, Inc. filed a First Amended Complaint (#35) against Defendants Professional Labor Support, LLC, and John Black, Todd Walker, Ryan Ellis, and Ryan Boyer. Plaintiff brought ten counts against Defendants alleging breach of contract, misappropriation of trade secrets, and other related claims. Federal jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In June 2011, Defendants filed a Motion for Summary Judgment (#62). This Court issued an Order (#85) granting Defendants summary judgment on all counts in November 2011. Defendants thereafter filed a Motion for Attorneys' Fees (#89). After reviewing the parties' pleadings, memoranda, and evidence, this Court **DENIES** Defendant's Motion for Attorneys' Fees **(#89)**.

Defendants request attorney's fees under the Illinois Trade Secrets Act ("ITSA"). Under Section 5 of the ITSA, "[i]f (i) a claim of misappropriation is made in bad faith, . . . the court may award reasonable attorney's fees to the prevailing party." 765 ILCS 1065/5. Defendants argue that the term "made in bad faith" encompasses maintaining a claim in bad faith at any point in the litigation. Defendants claim they are therefore entitled to attorney's fees because, at a point when Plaintiff clearly had a losing case, Plaintiff continued to pursue this litigation to gain a business advantage over Defendants.

The language of ITSA does not support Defendants' position. A claim made in bad faith is one that is initiated, at the time of filing, in bad faith. Defendants cite a non-binding Uniform Trade Secrets Act ("UTSA") decision from the Southern District of California for the contention that attorney's fees may be obtained if the misappropriation claim was "commenced or maintained" in bad faith. *Computer Economics, Inc. v. Gartner Group, Inc.*, 1999 U.S. Dist. LEXIS 22204 at *16 (S.D. Cal. Dec. 14, 1999). This language is derived from another California case establishing a contrary rule, that a claim made in bad faith is one that is not only brought, but maintained and continued, in bad faith. *Stilwell Dev., Inc. v. Chen*, 1989 U.S. Dist. LEXIS 5971 at *6–7 (C.D. Cal. Apr. 25, 1989). Other cases consider the plaintiff's intent only at the time the claim is brought. *E.g.*, *Alamar Biosciences v. Difco Lab*, 1996 U.S. Dist. LEXIS 18239 at *2 (E.D. Cal. Feb. 27, 1996). Based on the language of the statute, this Court believes that Defendants have not adequately supported the proposition that the statute authorizes attorney's fees when a suit is maintained in bad faith, rather than made in bad faith.

As such, this Court considers whether Plaintiff made its claim in bad faith at the time of filing in this case. Here, Plaintiff presented evidence that at least one defendant may have misappropriated a trade secret. A group of five documents were identified by Plaintiff as improperly used by Defendants to identify potential customers. (#62, p. 16–17). One of the Defendants sent emails to himself containing these documents. While the Court did not reach the issue of whether this constituted a misappropriation of a trade secret because there was no evidence of damages, it is enough to demonstrate that Plaintiff's claim was not frivolous. Therefore, the Court is unwilling to conclude that Plaintiff's trade secrets claim was initiated in bad faith.

For the reasons stated above, the Court **DENIES** Defendants' Motion for Attorneys' Fees **(#89)**.

ENTERED this 13th day of April, 2012.

                                                   s/DAVID G. BERNTHAL
                                           UNITED STATES MAGISTRATE JUDGE