**E-FILED**
Wednesday, 20 November, 2013  04:08:41 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **TRADESMEN INTERNATIONAL, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No.  10-2098** |
| **JOHN BLACK, TODD WALKER, RYAN BOYER, and PROFESSIONAL LABOR SUPPORT LLC,** | |
| **Defendants.** | |

## ORDER

In May 2010, Plaintiff Tradesmen International, Inc., filed a complaint against Defendants John Black, Todd Walker, Ryan Boyer, Professional Labor Support LLC, and Ryan Ellis.  Defendant Ellis subsequently filed for bankruptcy and the proceedings have been stayed as to him.  The remaining Defendants filed a motion for summary judgment which the Court granted as to all counts except Count IV which the Court dismissed as moot (*see* Order, #85). The Court then denied Defendants' subsequent motion for attorney fees (*see* Order, #104).

Plaintiff appealed the Court's order on summary judgment and Defendants appealed the denial of attorney fees.  The Seventh Circuit Court of Appeals affirmed this Court's grant of summary judgment as to Count V.  *Tradesmen Int'l, Inc. v. Black*, 724 F.3d 1004, 1015 (7th Cir. 2013).  The court noted, however, that Plaintiff  had never sought certification under Federal Rule of Civil Procedure 54(b); therefore, the order granting summary judgment was not a final decision.  The court concluded that, in the absence of a final judgment, "Tradesmen must wait to appeal the other nine counts until its claims against Ellis are resolved." *Id.* at 1011. Regarding the denial of attorney fees, the Seventh Circuit reversed and remanded for reconsideration of the question of whether Plaintiff had maintained the law suit in bad faith.  *Id.* at 1017.

Following the ruling by the Seventh Circuit Court of Appeals on this Court's order regarding attorney fees, Defendants' Motion for Attorneys' Fees (#89) was revived and Defendants filed several other motions including Defendants' Renewed Request for Hearing on Motion for Attorneys' Fees (#118), Defendants' Motion To Supplement Record of Attorneys' Fees (#119), Defendants' Motion To Direct Entry of Final Judgment Under Rule 54(b) (#120), Defendants' Supplemental Motion for Attorneys' Fees (#127), and Defendants' Request for Hearing on Supplemental Motion for Attorneys' Fees (#128).  In addition, Plaintiff filed its Motion for Extension of Time To Respond to Defendants' Supplemental Motion for Attorneys' Fees and Request for Hearing on Supplemental Motion (#129).

After finding that there is no just reason to delay an appeal of its order on Defendants' summary judgment motion, this Court granted Defendants' Motion To Direct Entry of Final Judgment Under Rule 54(b) (*see* Order #130) and directed entry of final judgment.  As a practical matter, it would be unwise and inefficient for the Court to rule now on the propriety of awarding attorney fees in this case where the underlying substantive issues are still subject to appeal.

Accordingly, pending the final resolution of Plaintiff's claims against these Defendants, the Court takes under advisement Defendants' Motion for Attorneys' Fees **(#89)**, Defendants' Motion To Supplement Record of Attorneys' Fees **(#119)**, Defendants' Supplemental Motion for Attorneys' Fees **(#127)**, and Plaintiff's Motion for Extension of Time To Respond to Defendants' Supplemental Motion for Attorneys' Fees and Request for Hearing on Supplemental Motion **(#129)**.  The Court **DENIES** Defendants' Renewed Request for Hearing on Motion for Attorneys' Fees **(#118)** and Defendants' Request for Hearing on Supplemental Motion for Attorneys' Fees **(#128)**.

ENTERED this 20th day of November, 2013.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE